**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| GREGORY E. BROWN | : | |
| Petitioner | : | |
| v | : | Civil Action No. RDB-06-1913 |
| MARYLAND | : | |
| Respondent | : | |

o0o

## MEMORANDUM OPINION

The above-captioned case, filed on July 25, 2006, has been construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 because the allegations raised pertain to Petitioner's recent violation of probation charges. Petitioner states a hearing regarding the violation of probation charges is scheduled in the District Court for Baltimore City for September 5, 2006. Paper No. 1.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301.

If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion

can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. *See* Md. Cts. & Jud. Proc. Code Ann., §12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., §12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. Md. Crim. Proc. Code Ann. §7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Cts. & Jud. Proc. Code Ann., §12-202. If the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams*, *supra*.

It is clear from the allegations raised that the claims in the instant Petition for Writ of Habeas Corpus have not yet been exhausted. Accordingly, it will be dismissed without prejudice by separate order which follows.

August 10, 2006　　　　　　　　　　　　　/s/
Date　　　　　　　　　　　　　　　　　　RICHARD D. BENNETT
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE